PER CURIAM.
On July 25, 1968, David Kay, doing, business as Kadee Enterprises, as lessor, entered into a written lease with Chemair Corporation of America, as lessee, of certain business premises described as 7725 West 2nd Court, Hialeah, Florida. The lease was for a term of three years, “beginning October 15, 1968, and ending October 14, 1971.” The rental for the term was $63,000, payable in monthly installments of $1,750, to commence October 15, 1968. Receipt of payment of the first month’s rent (for October 15 to November 14, 1968) was acknowledged in the lease.
The lease was on a printed form, consisting of four pages. Added were certain typed paragraphs, one of which, numbered 35, stated: “The demised premises are under construction at the time of the execution of this lease. Landlord agrees to have construction sufficiently advanced by September 1, 1968, so as to permit secure storage of tenant’s chattels on said premises.”
In paragraph number 4 of the printed lease there was a provision to the effect that if the lessor was unable to give possession of the premises on the commencement of the term, for any reason, the term of the lease would not be lengthened by that period of delay, but the lessee would be entitled to an adjustment or diminution of rent therefor.[1]
Included in the lease was a typed paragraph providing for extension of the term for an additional three years (with a slight increase in rent), at the election of the lessee, by the latter giving “written notice to the Landlord of its desire to renew this, lease at least 60 days before the expiration of the term of this lease, and provided the Tenant is not in default in the performance of the terms and conditions of this lease, and provided this lease is not terminated before the term hereto as provided herein.”
The use of the premises by the lessee for the business purpose intended was not available to the lessee until two and one half months after the date of commencement of the term, due to certain changes which were required to be made in the premises before the lessor could obtain a certificate of occupancy. While the certificate of occupancy was withheld the lessee was not able to obtain certain permits and licenses necessary in order for the lessee to make use of the premises for its intended business purposes. In that circumstance the lessee withheld rent which became payable on the fifteenth of November, 1968, and one half of the monthly payment due December 15, 1968 (the lease having acknowledged receipt by the lessor of payment of the first monthly installment which became due October 15, 1968).
*299 Thereafter, the monthly rental installments were paid or made available to the lessor for the remaining period of the lease, and pursuant to the provision for extension of the term for an additional three years, the lessee gave timely written notice of its election to so extend the lease.
Meanwhile, on March 19, 1969, the lessor had filed an action in the civil court of record for collection of the omitted installments of rent. The lessee filed a counterclaim and cross-claim seeking damages in excess of the jurisdictional amount of that court. Whereupon, the action was transferred to the circuit court, and upon subsequent proceedings that court dismissed the cross-claim, and a portion of the counterclaim on counter-defendant’s motion, and the counterclaimant voluntarily dismissed the remaining portion of the counterclaim. The action for the unpaid rent was still pending when the lessee gave notice of election to extend the lease. On December 14, 1971, after the three year term had ended, the court granted the lessor’s motion for summary judgment and entered judgment against the lessee for $4,375 (representing two and one half months’ rent).
On December 22, 1971, approximately two months after the end of the initial three year term, the lessee filed an action in the circuit court for specific performance of the lease provision for extension of the term, based on its timely notice to the lessor of election therefor. The lessor answered, contending the lessee was not entitled to an extension of the term because of the default of the lessee'in payment of rent for the period referred to' at the commencement of the term (during which useful possession of the premises had not been available to the lessee).
In the latter action the court held the lessee had validly exercised its option to extend the term, and that the lease was extended for an additional three years. In so ruling the court found: “That plaintiff timely exercised its option to extend the term of the lease dated July 25, 1968, for an additional three year term; that at the time of said exercise of its option, the plaintiff and defendant were litigating a bona fide dispute as to whether the plaintiff, as tenant, was obligated to defendant, as lessor, for the rent due during the first two and one-half months of the Lease % ‡ #
The lessee appealed from the summary judgment rendered against it for unpaid rent (No. 72-962). The lessor appealed from the judgment holding the lease had been extended (No. 72-1098). For the reasons given below we reverse the first of those judgments and affirm the second.
It was sufficiently disclosed that possession of the premises, in the full or useful sense, was not available to the lessee for a period of approximately two and one half months after the date of commencement of the lease, and according to a provision of the lease the lessee was entitled to some adjustment or diminution of the rent for that period, which was not accorded to it in the summary judgment entered by the court. Moreover, the judgment included rent that was payable on October 15, 1968, which the lease recited had been paid. The summary judgment for the rent, therefore, is reversed and that cause is remanded to the circuit court for further proceedings for redetermination of the amount for which judgment should be entered against the lessee upon giving due regard to the lease provision applicable thereto as referred to herein.
With regard to the judgment holding the election of the lessee to extend the term was effective, the trial court was eminently correct. There was, as the court noted, a bona fide dispute between the parties, in litigation throughout the three-year term of the lease, as to whether rental was payable for the said period of some two and one half months at the outset of the term, and if so, whether an adjustment thereof was to be made in accordance with a term of the lease. The rental for the *300 balance of the term was timely paid or made available by the lessee, and the court correctly determined that the lessee was not in default within the meaning of the lease, at the time of lessee’s election to extend the lease, near the end of the term thereof.
The judgment involved in appeal No. 72-962 is reversed and the cause remanded for further proceedings consistent herewith. The judgment involved in appeal No. 72-1098 is affirmed.

. “4. ' If the Landlord is unable to give possession of the demised premises on the date of the commencement of the aforesaid term by reason of the holding over of any prior tenant or tenants or for any other reason; an abatement or diminution of the rent to be paid hereunder shall be allowed tenant under such circumstances, but nothing herein shall operate to extend the term of the lease beyond the agreed expiration date; and the abatement in rent shall be the full extent of Landlord’s liability to Tenant for any loss or damages to Tenant on account of said delay in obtaining possession of the premises. * * * ”